No. 84.—MARTIN D. HARRINGTON, administrator, *de bonis non*, &c. plaintiff in error, *vs.* JEFFERSON ROBERTS and Wife, defendants.

[1.] All the parties—whether suing or sued, individually or representatively —to the cause below, must be joined in the bill of exceptions and writ of error.

[2.] This Court has no power to alter or amend the *bill of exceptions*.

Motion to dismiss the writ· of error.

Richard Harrington, Sr. made a deed conveying certain negro property to three of his children, and the heirs of their bodies. Two of the children died, and Jefferson Roberts, who intermarried with the third, brought trover against George Pollock, the executor of Richard Harrington, Sr. deceased, for the whole property, claiming as ·survivor.　Pollock, the executor, filed a bill in Equity, restraining the trover, and praying that the deed be construed, and a subpœna issued thereon against Roberts and wife.　The other distributees and legatees of Richard Harrington, Sr. "*acknowledged notice*" of the bill.　Pollock died pending the suit, and Martin D. Harrington and Richard M. Harrington were appointed administrators, *de bonis non, cum testamento*, &c. of Richard Harrington, Sr.　A special verdict was found by the Jury, and on that verdict a decree was rendered in favor of Roberts and wife.　Martin D. Harrington, one of the administrators, filed his bill of exceptions to that decree, and sued out a writ of error and citation, including Jefferson Roberts and wife alone as defendants in error.

The motion to dismiss is—

1st. Because Richard M. Harrington, one of the administrators in the cause below, is no party either to the bill of exceptions, writ of error or citation.

2d. Because the distributees of Richard Harrington, Sr. are not made parties defendant.

MARSH and MILLER, for the motion.

STARNES and CONE, contra.

*By the Court.*—LUMPKIN, J.

[1.] Both administrators are parties to the suit below, and to the judgment sought to be reversed; and we are of opinion that both should have joined in the bill of exceptions and writ of error. The doctrine is well settled, that where there are two administrators, one cannot maintain an action alone. 1 *Chitty's Pl.* 53. 9 *Coke*, 37, (*Hensloe's Case.*) 1 *Saund.* 291, *g.* 3 *Bacon*, 32. *Smith vs. Smith*, 11 *New Hamp. R.* 459. And the Act of 1847 negatively establishes the same principle as to parties in this Court. It declares that no writ of error shall be dismissed or delayed in its hearing and decision, where the parties to the writ or declaration below are included in the writ of error. *Pamphlet Laws, p.* 81. Of course the writ of error will be dismissed, *unless* all the parties to the cause below are included.

[2.] If the bill of exceptions had been made out in the name of *both* the administrators, the writ of error, citation, &c. might be amended. But this Court has no power to alter or amend the bill of exceptions.

This objection being fatal, it is unnecessary to examine the other ground taken in the preliminary motion.

Writ of error dismissed.