19195.  ALLEN *et al.*, administrators, *v.* ALLEN.

DECIDED APRIL 12, 1929.

*Pierce Brothers,* for plaintiffs in error.

*Fleming & Fleming,* contra.

JENKINS, P. J. (After stating the foregoing facts.) "The doctrine is well settled that where there are two administrators, one can not maintain an action alone" (*Harrington* v. *Roberts, 7 Ga.* 510, 511) ; the general rule being that where joint authority is given to any number of persons, or officers, it must be exercised by a majority of them, unless it is otherwise declared. Civil Code (1910), § 4 (5). Under the rule thus stated, while the institution of the motion for new trial in the court below, originally joined in by all the administrators, was legal, it can not proceed on its own momentum, and in order for it to be maintained there must continue to be a legal plaintiff in error. A majority of the representatives of the estate being necessary to make a party, the proceeding falls for the lack of a plaintiff in error when less than

a majority continue its prosecution. It appearing on the face of the record that the case is being prosecuted without a legal party plaintiff in error, in that less than a majority of the representatives of the estate are prosecuting the writ of error, this court is without jurisdiction to entertain it, and it must, therefore, be dismissed. Were it to be suggested that it should require as much authority to discontinue a proceeding after it has once been legally instituted as is required to commence it, the reply would be that a case proceeds not by virtue of a shove, but rather by virtue of a continuing push, and that, therefore, in order to preserve its validity there must exist a proper plaintiff throughout every stage of its prosecution. *Writ of error dismissed. Stephens and Bell, JJ., concur.*